# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0149V
### Filed: September 28, 2017
UNPUBLISHED

FRANCINE MACK,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Special Processing Unit (SPU);
Attorneys' Fees and Costs; Influenza
(Flu) Vaccine; Shoulder Injury;
Bursitis; Dismissal; Reasonable
Basis for Petition

*James S. Mitchell, Richard Gage, P.C., Cheyenne, WY for petitioner.*
*Sarah C. Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

## I.    Relevant Factual and Procedural History

On February 18, 2015, Francine Mack ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"), with two amended petitions filed thereafter. Petitioner alleged that she suffered injuries to her shoulders following three influenza ("flu") vaccinations. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 14, 2016, respondent filed a Rule 4(c) Report and Motion to Dismiss ("Respondent's Report"), asserting the claim lacked sufficient supporting evidence.[3] Resp't's Rep. at 2, ECF No. 35.  Specifically, respondent asserted that petitioner had not provided adequate proof of vaccination, had not established when her symptoms began, and had not demonstrated that she suffered the residual effects of her alleged injuries for at least six months.  Additionally, petitioner had not submitted the report of a medical expert to support her claim, or shown by medical evidence that the flu vaccine could and actually did cause her alleged injuries.  *Id.*  She also failed to present reliable evidence establishing that the time between her alleged vaccinations and the onset of her symptoms was medically acceptable to infer causation.  *Id.*

On July 14, 2016, the undersigned issued a decision denying compensation, finding petitioner had failed to establish entitlement.  *Mack v. Sec'y of Health & Human Servs.*, 2016 WL 5746367 (Fed. Cl. Spec. Mstr. July 14, 2016).  Judgment entered, pursuant to Vaccine Rule 11(a), on August 22, 2016, dismissing the case for insufficient proof.  ECF No. 38.

On February 21, 2017, petitioner filed a motion for attorneys' fees and costs, seeking $12,430.13[4] in fees and $703.49 in costs.  Motion for Attorneys' Fees and Costs ("Motion"), filed Feb. 21, 2017, ECF No. 45.[5]  In accordance with General Order #9, petitioner's counsel represented that petitioner personally incurred no expenses related to the prosecution of her petition.  Motion, Tab F.  Thus, the total requested is $13,133.62.

On March 10, 2017, respondent filed a response recommending that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.  Respondent's Response ("Resp't's Resp."), filed Mar. 10, 2017, ECF No. 46.  Petitioner did not file a reply.

The matter of attorneys' fees and costs in this case is now ready for a decision.

## II.   Applicable Law and Analysis

### A.  Requirements of Good Faith and Reasonable Basis

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is mandatory where a petitioner is awarded compensation.  But where compensation is

---

[3] On January 12, 2016, two days prior to Respondent's Report, petitioner *sua sponte* filed a Motion for Ruling on the Record.  Motion, filed Jan. 12, 2016, ECF No. 34.  Respondent later advised that his Report would also serve as a response to the Motion for Ruling.  Status Report, filed Feb. 3, 2016, ECF No. 36.

[4] Petitioner's motion requests $11,390.28 in attorney and paralegal fees, Motion, Tab A; however, the accompanying timesheets bill for $12,430.13 in attorney and paralegal fees, Motion, Tabs C-E.  The undersigned will use the figure supported by the timesheets.

[5] Petitioner's initial motion, filed on February 16, 2017, was stricken due to a defect.

denied, as it was in this case, the special master must first determine whether the petition was brought in good faith and the claim had a reasonable basis.  § 15(e)(1).

In his response, respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2.  The undersigned likewise finds that the claim was brought in good faith and had a reasonable basis.

The good faith requirement is met through a subjective inquiry.  *Di Roma v. Sec'y of Health & Human Servs.*, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993).  Without evidence of bad faith, "petitioners are entitled to a presumption of good faith."  *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).  Thus, so long as the petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied.  *See Riley v. Sec'y of Health & Human Servs.*, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma* at *1); *Turner v. Sec'y of Health & Human Servs.*, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  In this case, the record supports the supposition that petitioner brought the claim in a sincere belief that she was injured by the flu vaccine.  See Petition, filed Feb. 18, 2015, ECF No. 1.  As such, the undersigned finds good faith.

Regarding the reasonable basis requirement, it is incumbent on the petitioner to "affirmatively demonstrate a reasonable basis," which is an objective inquiry.  *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011); *Di Roma*, 1993 WL 496981, at *1.  The special master examines "the feasibility of the claim," as determined by factors such as "the factual basis [and] the medical support."  *Di Roma* at *1.  This "totality of the circumstances" approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis.  *Hamrick v. Sec'y of Health & Human Servs.*, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in her claim.  *See Turner*, 2007 WL 4410030, at *6.  Instead, the claim must at least be supported by medical records or medical opinion.  *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).  The court expects the attorney to make a pre-filing inquiry into the claim to ensure that it has a reasonable basis.  *See Turner* at *6-7.  That expectation may be lessened, however, by the circumstances, and "special masters have historically been quite generous in finding reasonable basis for petitions."  *Turpin v. Sec'y of Health & Human Servs.*, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); *see Turner* at *6-7.  For instance, leniency has been shown when the statute of limitations was about to expire or if the petition was originally filed *pro se.  See Turner* at *6.  In such situations, the bar for establishing reasonable basis can be lowered.  Allowances have also been made for "skeletal" petitions, where reasonable basis is later reinforced with medical records and expert opinions.  *Turpin* at *2.

However, even if reasonable basis exists at the time the petition is filed, it "may later come into question if new evidence becomes available or the lack of supporting

evidence becomes apparent." *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 288 (2014); *see also Perriera v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (affirming the special master's finding that reasonable basis existed until the evidentiary hearing); *Hamrick*, 2007 WL 4793152, at * 4 (observing that "[p]etitioner's counsel must review periodically the evidence supporting petitioner's claim").

In this case, the undersigned denied compensation because petitioner failed to carry her burden of proof in showing that any of the three claimed vaccines caused any her alleged injuries. 2016 WL 5746367. After careful review, the undersigned finds reasonable basis in this case, but only by a thread. As detailed in the undersigned's dismissal decision, petitioner's claim had many defects, including a substantial lack of evidence, acknowledged inconsistencies,[6] and ever-changing allegations.[7] Based on the foregoing, the undersigned is left to wonder whether the counsel in this case made any pre-filing inquiry into the claim to ensure reasonable basis—a question especially troubling since counsel had this claim for more than a year before filing.[8]

The undersigned reiterates counsel's responsibility to conduct a pre-filing inquiry to ensure the claim is factually sound and supported by medical records or medical opinion. While special masters have historically been generous in finding reasonable basis, such generosity is not a given.

## B. Evaluation of Requested Attorneys' Fees and Costs

Attorneys' fees in the Vaccine Program are calculated using the lodestar method, which involves multiplying a reasonable hourly rate by a reasonable number of billed hours. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008). An attorney representing a petitioner in the Program is paid the forum rate unless the bulk of the work was performed in a locale other than the forum (i.e., District of Columbia), and the local rate is very significantly lower than the forum rate. *Id.* at 1349. If these two requirements are met, the *Davis* exception applies, and the attorney is paid according to the local rate. *Id.* (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

---

[6] *See* Mack, 2016 WL 5746367, at *2 (citing Pet'r's Oct. 24, 2015 Affidavit, wherein she "recognize[s]" that her statements about "the dates and area of administration of the vaccines" were "confusing" and "in conflict with [her] previous affidavit").

[7] Petitioner amended her petition twice, adding new vaccines and injuries, while dropping others. *See* Mack, 2016 WL 5746367, at *1-3.

[8] The petition was filed on February 18, 2015; however, the first billing entry was on December 10, 2013. Motion, Tab C. Curiously, one of petitioner's claimed vaccinations (December 5, 2013) was given only five days before this initial billing entry.

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl.Ct. 750, 753 (1991).  They may look to their experience and judgement to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 483 (1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam)

Petitioners "bear[] the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson*, 24 Cl.Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n.1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

### i. Hourly Rates

Petitioner seeks compensation for her attorney, James S. Mitchell, as well as for attorney Richard Gage, who also worked on the case.[9]  In addition to her attorneys, petitioner seeks compensation for four paralegals.  Mr. Mitchell requests a rate of $325 for work performed between November 2014 and January 2016.  Mr. Gage requests a rate of $373.75 for work between December 2013 and December 2014; a rate of $387.50 for all of 2015; and a rate of $401.75 for 2016 and 2017.  The paralegals request the following rates: Susan McNair seeks $112 for work in 2013 and $135 for 2014-2016; Brian Vance seeks $135 for 2014-2017; Helen Nelson seeks $120 for 2013-2014; and Fred Hurlburt seeks $120 for 2014.  Motion, Tabs C-E.

These rates are higher than those approved by the undersigned and other special masters in recent decisions.  *See Neel v. Sec'y of Health & Human Servs.*, 2017 WL 4020450 (Fed. Cl. Spec. Mstr. Aug. 14, 2017); *Henderson v. Sec'y of Health & Human Servs.*, 2017 WL 2628170 (Fed. Cl. Spec. Mstr. May 25, 2017); *Onikama v. Sec'y of Health & Human Servs.*, 2017 WL 1718798 (Fed. Cl. Spec. Mstr. Apr. 3, 2017); *Dingle v. Sec'y of Health & Human Servs.*, 2014 WL 630473 (Fed. Cl. Spec. Mstr. Jan.

---

[9] Mr. Gage is Mr. Mitchell's employer.

24, 2014).  The undersigned finds the rates established in these earlier decisions to be reasonable and will reduce the rates requested in this case accordingly.[10]

The hourly rates to be awarded are as follows:

|  | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|
| James Mitchell, Esq.[11] |  | $250 | $250 | $259 | $265 |
| Richard Gage, Esq.[12] | $260 | $300 | $300 | $311 | $318 |
|  |  |  |  |  |  |
| Susan McNair [13] | $120 | $120 | $120 | $120 | $120 |
| Brian Vance [14] | $120 | $120 | $120 | $120 | $120 |
| Other paralegals [15] | $100 | $100 | $100 | $100 | $100 |

### ii.  Requested Hours

Petitioner requests compensation for 22.2 attorney hours, of which 12.4 were billed by Mr. Mitchell, and 9.8 were billed by Mr. Gage.  Paralegal hours billed in this case total 36.2.  *See* Motion, Tabs C-E.  The undersigned has thoroughly reviewed the billing records; however, a line-by-line evaluation of the fee application is not required, and will not be performed.  *See Wasson*, 24 Cl.Ct. at 484.  Instead, special masters may rely on their experience to determine the reasonable number of hours expended. *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

The undersigned, however, finds some issues to be particularly notable and worth highlighting, especially since they are problems identified by special masters in other cases involving Mr. Gage's office.[16]  They include vagueness, impermissible entries, and excessive and duplicative billing.

---

[10] The undersigned thoroughly considered petitioner's supporting briefing, filed as an attachment to the Motion, ECF No. 45-1, but will not explicitly address the arguments in this decision, choosing instead to adopt the reasoning set forth in the above-cited decisions, which together adequately analyze the issues.

[11] *See Henderson*, 2017 WL 2628170, at *3 (2014 rate); *Neel*, 2017 WL 4020450, at *3 (2015-17 rates).

[12] *See Dingle*, 2014 WL 630473, at *3 (2013 rate); *Onikama*, 2017 WL 1718798, at *13 (2016 rate); *Henderson*, 2017 WL 2628170, at *3 (2014-17 rates).

[13] *See Onikama*, 2017 WL 1718798, at *13; *Henderson*, 2017 WL 2628170, at *3.

[14] *See supra* note 10.

[15] This category includes Ms. Nelson and Mr. Hurlburt.  *See Henderson*, 2017 WL 2628170, at *3.

[16] *See, e.g.*, *Boman v. Sec'y of Health & Human Servs.*, 2017 WL ------- (Fed. Cl. Spec. Mstr. Sept. 20, 2017) (reducing overall fee award by 20 percent for vagueness, excessive hours, duplicative billing, and

For example, Mr. Gage's timesheet has nearly 30 entries involving "conferences" with his paralegals.[17]  *See* Motion, ECF No. 45 (Tab C) at 8-10.  More than half of these entries contain little to no information,[18] making it nearly impossible to know whether and/or how they supported petitioner's case.  Mr. Mitchell's timesheets have similar issues.  *See id.* (Tab D) at 12-14.  In fact, as a whole, the timesheets are so cryptic that it is difficult for the undersigned to assess the reasonableness of much of the time billed.

The paralegals' timesheets are equally deficient, suffering from vagueness, excessive billing, and impermissible entries.  A particularly good example of the first two issues is the time billed (12.5 hours) by Mr. Hurlburt for work on an "outline" and "timeline."[19]  This work generated $1,500.00 in fees.  *See* Motion, ECF No. 45 (Tab E) at 22.  With regard to administrative tasks, the undersigned found numerous examples, including entries for faxing documents; copying, scanning, and saving records; Bates stamping and filing exhibits; and calendaring deadlines.  *Id.* at 16-22.  It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates").

For the reasons discussed above, and in view of the fact that petitioner's case was dismissed for insufficient proof, the undersigned reduces petitioner's fee request by 20 percent.  *See, e.g.*, *Boman*, 2017 WL ------- (Fed. Cl. Spec. Mstr. Sept. 20, 2017) (reducing fee request by 20 percent); *Helton v. Sec'y of Health & Human Servs.*, 2017 WL 4020452 (Fed. Cl. Spec. Mstr. Aug. 28, 2017) (reducing fee request by 25 percent); *Willett v. Sec'y of Health & Human Servs.*, 2017 WL 3298983 (Fed. Cl. Spec. Mstr. June 2, 2017) (reducing fee request by 20 percent); *Raymo v. Sec'y of Health & Human*

---

impermissible entries for administrative tasks); *Neel*, 2017 WL 4020450, at *3 (reducing overall fee award by five percent for excessive billing); *Kerridge v. Sec'y of Health & Human Servs.*, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017) (reducing by five percent for vagueness, duplicative billing, excessive hours, and administrative work); *see also Padilla v. Sec'y of Health & Human Servs.*, 2017 WL 1435881, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2017) (reducing by 10 percent due to vagueness); *Wilson v. Sec'y of Health & Human Servs.*, 2017 WL 1374748, at *2 (Fed. Cl. Spec. Mstr. Mar. 22, 2017) (reducing by 10 percent for vagueness).

[17] The undersigned notes that for many of these entries, paralegals billed corresponding time for conferencing with Mr. Gage.  *See* Motion, ECF No. 45 (Tabs C-E) at 8-20.  The undersigned has previously found such duplicative billing unreasonable and reduced fee applications for it.  *See, e.g.*, *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

[18] *See, e.g.*, entries dated: ("conference with paralegal" plus some type of "review") December 10, 2013; January 17, 2014; May 28, 2014; January 29, 2015; February 3 and 16, 2015; March 2, 2015; May 27, 2015; May 24, 2016; (only "conference with paralegal") February 13, 2014; June 26, 2014; August 6, 2014; September 11, 2014; October 24, 2014; December 3, 2014; January 27, 2015; February 13 and 19, 2015; April 29, 2015; May 18 and 22, 2015; July 16, 2015; October 12 and 26, 2015.

[19] This was not a complex case, requiring a time expenditure of this magnitude.

*Servs.*, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing fee request by 20-40 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

The undersigned emphasizes to petitioner's counsel the importance of avoiding these billing deficiencies going forward.  In the future, the undersigned may find it reasonable to further reduce petitioner's counsel's fee applications for vagueness, excessive hours, duplicative billing, and impermissible entries for administrative tasks.

### iii.   Reduction of Requested Fees

Reducing the requested attorney and paralegal rates to those above, results in the following adjustments:

| Year | Person | Time | Requested Rate | Adjusted Rate | Billed Amount | Adjusted Amount |
|------|--------|------|----------------|---------------|---------------|-----------------|
| 2014-15 | Mitchell | 11.80 | $325.00 | $250.00 | $3,835.00 | $2,950.00 |
| 2016 | Mitchell | 0.60 | $325.00 | $259.00 | $195.00 | $155.40 |
| 2013 | Gage | 0.20 | $373.75 | $260.00 | $74.75 | $52.00 |
| 2014 | Gage | 1.50 | $373.75 | $260.00 | $560.63 | $390.00 |
| 2015 | Gage | 7.30 | $387.50 | $300.00 | $2,828.75 | $2,190.00 |
| 2016 | Gage | 0.30 | $401.75 | $311.00 | $120.53 | $93.30 |
| 2017 | Gage | 0.50 | $401.75 | $318.00 | $200.88 | $159.00 |
| | | | | | | |
| 2013 | McNair | 0.30 | $112.00 | $120.00 | $33.60 | $36.00 |
| 2014-16 | McNair | 12.70 | $135.00 | $120.00 | $1,714.50 | $1,524.00 |
| 2014-17 | Vance | 5.50 | $135.00 | $120.00 | $742.50 | $660.00 |
| 2013-14 | Nelson | 5.00 | $120.00 | $100.00 | $600.00 | $500.00 |
| 2014 | Hurlburt | 12.70 | $120.00 | $100.00 | $1,524.00 | $1,270.00 |

Billed Amount Total:   $12,430.13

**Adjusted Amount Total:**   **$9,979.70**

The rate adjustments shown above reduce the billed amount to $9,979.70, a reduction of $2,450.43.  As also discussed, the undersigned makes a further reduction of 20 percent ($1,995.94[20]) to address the deficient billing practices.  Thus, petitioner is awarded a total of **$7,983.76** in attorney and paralegal fees.

### iv.   Costs

Petitioner requests reimbursement for attorney costs in the amount of **$703.49**. The undersigned finds no cause to reduce the request and awards the full amount.

---

[20] $9,979.70 x 0.20 = $1,995.94.

**III.     Conclusion**

The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---:|
| Requested attorneys' fees: | $12,430.13 |
| Reductions (attorney and paralegal rates) | - 2,450.43 |
| Reductions (20% for billing issues) | - 1,995.94 |
| **Adjusted Fees Total:** | **$7,983.76** |
| | |
| Requested attorneys' costs: | $703.49 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $703.49** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$8,687.25** |

**Accordingly, the undersigned awards a total of $8,687.25,[21] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, James S. Mitchell of Richard Gage, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[22]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[21] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[22] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.